The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lawrence Shuping. The appealing party has not shown good ground to reconsider the evidence or amend the Opinion and Award, except for several minor modifications.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
Stipulation
Prior to hearing the parties entered into a Pre-Trial Agreement, which is hereby incorporated by reference as if fully set-out herein and where they agreed to a number of jurisdictional and other factual stipulations, including the attached medical records.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is right-handed, 31 year old female with a high school education. Her other prior work experience includes working as a sewing machine operator at Rocky Mount Undergarment and as a pressor at Benneton. She did not have an antecedent history of problems with her dominant right hand prior to September of 1993.
2. In September of 1993 plaintiff developed the admittedly compensable bilateral carpal tunnel syndrome giving rise to the Industrial Commission's prior Awards of temporary total and permanent partial disability and at that time she operated a mold machine, which not only involved repetitive hand motion, but continually striking the same machine with her hand, which she is no longer able to do and as a result since November 1, 1995 has held a lighter job as a machine operator.
3. After initially being seen at Urgent Care plaintiff came under the care of Dr. J. Greg Nelson, a Rocky Mount orthopedic surgeon, who provided a conservative course of treatment for her resulting bilateral carpal tunnel syndrome which initially involved medication and use of bilateral wrist splints, followed by steroid injection in the more severely affected right hand Dr. Nelson did not recommend corrective surgery. Because plaintiff did not agree with Dr. Nelson's opinion about surgery, defendant-carrier referred her to another Rocky Mount orthopedic surgeon, Dr. J Th. Bloem, who recommended surgery, which assumedly was only for plaintiff's right hand because by the time she was seen by Dr. Bloem her left hand had cleared up with the conservative treatment she had received from Dr. Nelson. As a result of the conflict between Doctors Nelson and Bloem over whether surgery was required, defendant-carrier referred plaintiff to an orthopedic surgeon specializing in hand surgery, Dr. George W. Edwards, Jr. of Raleigh, who saw her on a number of occasions and does not recommend surgery. When she did not agree with Dr. Edwards opinion, defendant-carrier referred plaintiff to yet another orthopedic surgeon at Duke University Medical Center, Dr. James Nunley, who also does not recommend surgery. Plaintiff again did not agree with Dr. Nunley's opinion and defendant-employer then allowed her to be examined by another orthopedic surgeon, Dr. Ronald L. Haney of Farmville, Virginia, who she chose based on the recommendation of her attorney and does recommend bilateral carpal tunnel release surgery.
4. Plaintiff is not a candidate for bilateral carpal tunnel release surgery because the same surgery will not tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated with her bilateral carpal tunnel syndrome for the reasons more fully hereinafter stated:
In the first place, even were plaintiff to undergo surgery it would not enable her to return to her regular mold operator's job; but rather, she will remain unable to perform that job or similar type work.
In the second place, she only experiences extremely mild objective clinical symptoms of her carpal tunnel syndrome rather than the type of significant, pain, weakness and/or numbness that would warrant surgery.
In the third place, objective EMG and nerve conduction studies do not show carpal tunnel syndrome on the left and only very mild, or borderline, carpal tunnel syndrome on the right and then only a sensory abnormality as opposed to both sensory and motor abnormalities.
In the fourth place, unlike most people who reasonably respond to steroid injections by obtaining at least some short term relief, plaintiff claimed that her symptoms were worse after injection and as a result would not likely benefit from carpal tunnel surgery.
In the fifth place, there is evidence, particularly in Dr. Nunley's deposition, that plaintiff has a tendency to overreact and if she underwent surgery it would not change her symptoms and would probably make her hand even worse.
Finally, a significant portion of the symptoms in plaintiff's right hand are due to a congenital abnormality involving a small ulnar artery, which would not be improved by carpal tunnel release. Further, her left hand problems are not sufficiently significant to warrant surgery.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
For the reasons stated in the above findings of fact and based on the evidence of record, bilateral carpal tunnel release surgery will not tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated with plaintiff's admittedly compensable bilateral carpal tunnel syndrome; therefore, defendants are not obligated at this time to provide surgery; provided, however, plaintiff is certainly free to obtain the surgery at her own expense and, if the surgery does improve her condition, she can request another hearing seeking reimbursement for the cost of surgery.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Plaintiff's claim for additional medical compensation benefits at this time must be, and is hereby, DENIED.
2. Each side shall bear its own cost and as part of their cost defendants shall pay expert witness fees in the amount of $250 to Dr. J. Greg Nelson, $300 to Dr. George W. Edwards, Jr., $325 to Dr. Ronald L. Haney and $350 to Dr. James Albert Nunley II, each of whom appeared by way of deposition and gave expert medical testimony herein.
3. Each side shall bear its own costs.
 S/ ________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________ COY M. VANCE COMMISSIONER
DCS:bjp